ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ D. SANTIAGO TORRES<br><br>APELANTE<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION Y OTROS<br><br>APELADOS | KLAN202500505 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: SJ2019CV11673<br><br>Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 15 de julio de 2025.

En este caso procedemos a **desestimar** el presente recurso de apelación por falta de jurisdicción.[1] Veamos los fundamentos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes al caso.

Del recurso sometido y el expediente electrónico en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) surge que,[2] el **7 de noviembre de 2019** el señor José Santiago Torres ("Santiago Torres o apelante") presentó por derecho propio una *Demanda (SJ2019CV11673)* en daños y perjuicios contra la Aseguradora de Responsabilidad Pública de Yauco Healthcare Corporation, Yauco Healthcare Corporation, el Hospital de Damas de Ponce, Estado

---

[1] Con el propósito de lograr el más justo y eficiente despacho de los procedimientos, prescindimos de solicitar la comparecencia de los Apelados, a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 7 (B)(5).
[2] De conformidad con la facultad que nos concede la Regla 77(D)(2) de Reglamento de Tribunal de Apelación, 4 LPRA Ap. XXII-B, R.77(D)(2).

Libre Asociado de Puerto Rico y otros.[3] En síntesis, el señor Santiago Torres alegó que se le aplicó una Ley Núm. 408-2000,[4] conduciéndolo primero por días a un hospital no psiquiátrico (Hospital de Damas de Ponce), y varios días después, a un hospital psiquiátrico. Manifestó que en ese proceso fue inyectado involuntariamente, sedado y abusado, sufriendo laceraciones. Añadió que, posteriormente fue transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la orden de ingreso involuntario bajo Ley Núm. 408-2000.

Ante una solicitud de desestimación presentada por el Estado Libre Asociado de Puerto Rico ("ELA"),[5] y la oposición presentada por el señor Santiago Torres,[6] el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI") desestimó con perjuicio la causa de acción de daños y perjuicios contra el ELA.[7] Inconforme, el señor Santiago Torres presentó el **9 de marzo de 2020** una solicitud de reconsideración.[8] Mediante una *Resolución* emitida el **10 de marzo de 2020**,[9] el TPI determinó que:

> *EXAMINADAS LAS LAMENTABLES EXPRESIONES DEL DEMANDANTE EN SU ESCRITO PRESENTADO POR DERECHO PROPIO, ESTE TRIBUNAL LE DESCALIFICA PARA REPRESENTARSE BAJO LAS REGLA 9.3 Y 9.4 DE PROCEDIMIENTO CIVIL DE 2009. SE LE CONCEDE A LA PARTE DEMANDANTE EL TERMINO DE 30 DIAS PARA ANUNCIAR REPRESENTACION LEGAL,* **SO PENA DE UNA SANCION ECONOMICA COMO PREAMBULO A LA DESESTIMACION DE LA DEMANDA BAJO LA REGLA 39.2(A) DE PROCEDIMIENTO CIVIL DE 2009.** *[24].* [sic]. [10]

---

[3] *Véase*, Entrada Núm. 1 del caso *SJ2019CV11673* de SUMAC.
[4] Ley Núm. 408 de 2 de octubre de 2000, según enmendada, conocida como *Ley de Salud Mental de Puerto Rico*, 24 LPRA secs. 6152 *et seq.*
[5] Véase, Entrada Núm. 12 del caso *SJ2019CV11673* de SUMAC.
[6] Véase, Entrada Núm. 16 del caso *SJ2019CV11673* de SUMAC.
[7] Véase, Entrada Núm. 21 del caso *SJ2019CV11673* de SUMAC.
[8] Véase, Entrada Núm. 23 del caso *SJ2019CV11673* de SUMAC.
[9] Notificada el mismo día.
[10] Véase, Entrada Núm. 24 del caso *SJ2019CV11673* de SUMAC. Énfasis nuestro.

Expirado el término concedido, el **17 de julio de 2020** y notificada el **20 de julio de 2020**, el TPI emitió una *Resolución*,[11] que en lo pertinente, resolvió:

> *TRANSCURRIDO EN EXCESO AL TERMINO CONCEDIDO, SIN QUE LA PARTE DEMANDANTE HAYA ANUNCIADO REPRESENTACION LEGAL, SEGUN ORDENADO EL 10 DE MARZO DE 2020, SE LE IMPONE A LA PARTE DEMANDANTE UNA SANCION ECONOMICA DE $50.00. TENGA LA PARTE DEMANDANTE EL TERMINO DE 30 DIAS PARA EL PAGO Y CUMPLIR CON LO ORDENADO, **SO PENA DE DESESTIMACION BAJO LA REGLA 39.2(A) DE PROCEDIMIENTO CIVIL DE 2009**. [31].*[12]

Así las cosas, el **6 de diciembre de 2022** se celebró la *Conferencia Sobre el Estado de los Procedimientos* mediante videoconferencia, sin embargo, el señor Santiago Torres no compareció a la misma.[13] **En igual fecha**,[14] el TPI emitió una *RESOLUCIÓN Y ORDEN*,[15] en la cual expresó:

> *[e]ste Tribunal reitera la Orden dictada el 10 de marzo de 2020 y ordena al demandado, Sr. José D. Santiago Torres, comparecer en lo sucesivo a través de representación legal profesional para la continuación de los procedimientos. La parte demandante tiene el deber de notificar el abogado o abogada contratado en el término de 30 días.*
> *Además, este Tribunal concede al demandante un término de 10 días para informar y evidenciar las razones para su incomparecencia a la Vista celebrada el 6 de diciembre de 2022, contados a partir de la notificación de la Minuta.*
> *Incumplidas las Órdenes, **este Tribunal apercibe que** podrá imponer sanciones, **incluyendo la desestimación de la Demanda, según la Regla 39.2 (a) de las de Procedimiento Civil**.*
> *El interés de este Tribunal es garantizar a todas las partes un debido proceso de ley y que tengan su día en corte.*[16]

Transcurrido poco más de nueve meses, el **18 de septiembre de 2023** el señor Santiago Torres presentó una *Demanda Enmendada* para acumular a Liberty Mutual Insurance Company ("Liberty Mutual") como alegada aseguradora del Hospital Damas. Ese mismo día, el TPI autorizó la enmienda a la demanda y expidió el emplazamiento dirigido a Liberty Mutual. Luego de ser emplazada,

---

[11] Véase, Entrada Núm. 31 del caso *SJ2019CV11673* de SUMAC.
[12] Énfasis nuestro.
[13] Véase, *Minuta* del 6 de diciembre de 2022 en la Entrada Núm. 64 del caso *SJ2019CV11673* de SUMAC.
[14] Notificada el 7 de diciembre de 2022.
[15] Véase, Entrada Núm. 65 del caso *SJ2019CV11673* de SUMAC.
[16] Véase, Entrada Núm. 65 del caso *SJ2019CV11673* de SUMAC. Énfasis nuestro.

el **8 de enero de 2024** Liberty Mutual presentó una *Moción de Desestimación* por prescripción. El **10 de enero de 2024** el señor Santiago Torres se opuso. El **12 de febrero de 2024** el señor Santiago Torres presentó una *Moción Adicional a Oposición a Moción de Desestimación presentada por la demandada Liberty*.

El **7 de abril de 2024** y **notificada el 9 de abril de 2024**, el TPI volvió a suspender la autorrepresentación del señor Santiago Torres.[17] En lo pertinente, expresó:

> *La parte demandante ha demostrado ciertas dificultades en el manejo de caso por derecho propio, que cuestionan que pueda representarse de manera adecuada. En interés de salvaguardar sus derechos y conforme a la Regla 9.4 (c)(e) de las de Procedimiento Civil, **se suspende la autorepresentación a José Dioscoride Santiago Torres y se le ordena que contrate un abogado en un plaza de 30 días, para la continuación de los procedimientos**.*[18]

En cuanto a la *Moción de Desestimación* por prescripción que presentó Liberty Mutual, el **11 de abril de 2024** el TPI dictó una Sentencia Parcial, mediante la cual la declaró *Ha Lugar* y en su consecuencia desestimó la acción contra esa parte.

El **15 de abril de 2024** y **notificada el 19 de abril de 2024**, el TPI señaló una vista para el 3 de junio de 2024, a los fines de discutir la representación legal del señor Santiago Torres. No obstante, el 17 de abril de 2024 se transfirió la vista para el 28 de agosto de 2024.

El mismo **19 de abril de 2024**, el señor Santiago Torres presentó una *Moción de Reconsideración* de la Sentencia Parcial del 11 de abril de 2024. En resumen, alegó que no se le notificaron los emplazamientos para ser diligenciados. También solicitó que se evaluara la determinación de suspensión de postular por derecho propio.

En respuesta a la *Moción de Reconsideración,* el **22 de abril de 2024** y **notificada el 23 de abril de 2024** el TPI emitió una

---

[17] Véase, Entrada Núm. 181 del caso *SJ2019CV11673* de SUMAC.
[18] *Íd.* Énfasis nuestro.

Orden en la que dispuso lo siguiente: *"[L]a parte debe cumplir con la Regla 9.4 de Procedimiento Civil, se le ha ordenado que tiene que contratar un abogado para que se continúen los procedimientos. [19]*

Aun en desacuerdo, el **23 de abril de 2024** el señor Torres Santiago volvió a presentar una segunda *Moción de Reconsideración* de la Sentencia Parcial del 11 de abril de 2024. Adujo similares argumentos que había presentado en la primera moción del 19 de abril de 2024.

Entretanto, el **2 de mayo de 2024** el señor Santiago Torres presentó el recurso de apelación —***KLAN202400430***—,[20] por inconformidad con la Orden emitida el 7 de abril de 2024, en la cual se le suspendió la autorrepresentación y le ordenó al contratar abogado. Este Tribunal de Apelaciones lo acogió como un recurso de *certiorari* por recurrir de una orden interlocutoria. Así, el **10 de mayo de 2024 denegamos** la expedición del *certiorari.*[21] Inconforme, el **18 de junio de 2024** el apelante recurrió al Tribunal Supremo de Puerto Rico —*AC2024-0040*—;[22] pero, el **19 de julio de 2024** el Alto Foro declaró *No Ha Lugar* el recurso de *certiorari.*[23] El *Mandato* fue notificado el **9 de agosto de 2024**.[24] La misma advino final y firme.

En el interín —y en respuesta a la segunda *Moción de Reconsideración*—, el **30 de abril de 2024** y **notificada el 7 de mayo de 2024**, el TPI emitió otra Orden en la que determinó: *"el 3 de junio de 2024, la parte demandante debe comparecer con representación legal"*.

---

[19] Véase, Entrada Núm. 197 del caso *SJ2019CV11673* de SUMAC.
[20] Véase, Entrada Núm. 202 del caso *SJ2019CV11673* de SUMAC.
[21] Véase, *Resolución* emitida por este Tribunal de Apelaciones el 10 de mayo de 2024. Además, véase, Entrada Núm. 209 del caso *SJ2019CV11673* de SUMAC.
[22] Apéndice 2 del Apelante, pág. 7.
[23] Apéndice 4 del Apelante, págs. 7.
[24] Cabe señalar que, el Apelante sometió una *Moción de Reconsideración* ante TSPR el **19 de agosto de 2024**. Mediante *Resolución* emitida el **30 de agosto de 2024** notificada el 5 de septiembre de 2024, el TSPR determinó que: *"A la Moción de Reconsideración que presentó la parte peticionaria el 19 de agosto de 2024, nada que proveer. El mandato del caso se emitió el 9 de agosto de 2024"*. Véase, Expediente del Tribunal de Apelaciones sobre el recurso *KLAN202400430*.

El **3 de junio de 2024**, fue celebrada la vista señalada por el TPI.[25] El señor Santiago Torres se ausentó a la vista, por lo que se le ordenó a pagar los aranceles de suspensión de vista y a mostrar causa por su incomparecencia y por los constantes incumplimientos con las órdenes para comparecer representado por un abogado, so pena de desestimar su causa de acción. Así, se transfirió la vista para el 28 de agosto de 2024. De la *Minuta-Resolución* surge lo antes dicho:

> *[A] preguntas del Tribunal, informan las partes y el Alguacil de sala que la parte demandante José D. Santiago Torres no ha comparecido, ni se ha comunicado.*
> *El Tribunal hace constar que el caso se había citado en forma presencial, pero se tomaron las precauciones de atenderlo de forma hibrida, por si el Sr. José Santiago Torres tuviera alguna dificultad se comunicara y pudiera conectarse de forma remota. A su vez, hizo constar que el caso data del 2019 y que se dictó una sentencia parcial a favor del Hospital Damas a petición de la codemandada. El Sr. José Santiago Torres se estaba representando por derecho propio y el Tribunal ha observado a través de distintas incidencias en este caso y unos planteamientos donde había dicho que se había extraviado unos emplazamientos por parte de la oficina de Alguaciles. El Tribunal el 7 de abril del 2024 le había revocado su representación para defender sus intereses, ya que bajo las mismas reglas de procedimiento civil cuando se observa que hay una parte que se representa por derecho propio y está dilatando los procedimientos por eso se expidió la orden. Hay varias instancias donde el Sr. José D. Santiago Torres ha solicitado reconsideraciones al Tribunal, los cuales se ha declarado sin lugar. Aun así se le concedió el señalamiento en el día de hoy para que expresara por qué el tribunal debía reconsiderar su determinación para que se representase por derecho propio. A través del expediente de Sumac, José Santiago G. Torres ha comparecido en muchísimas instancias y ha presentado diferentes escritos a través del Tribunal de Apelaciones y el Tribunal Supremo y ha presentado algunos documentos ante la Juez Administradora de este tribunal, pero José Santiago Torres no se ha expresado y ha decidido no comparecer en el día de hoy.*
> ***Se EXPIDE orden de mostrar causa contra José Santiago Torres por su incomparecencia a la vista de hoy y expresar en 5 días porque el tribunal no debe desestimar su causa de acción ante los constantes incumplimientos de las ordenes establecidas para que comparezca representado por un abogado que pueda defenderlo de forma adecuada. A su vez, se ORDENA el pago del arancel de suspensión de la vista de hoy que deberá pagar en el término de 5 días.***
> *El Lcdo. Calderón señala que este caso tiene una vista señalada para el 28 de agosto de 2024. Aclara que no se comunicará con el Sr. Santiago a menos que sea a través del tribunal y presencial para lograr resolver este asunto definitivamente.*

---

[25] Notificada el mismo día. Véase, *Minuta* del 3 de junio de 2024 en la Entrada Núm. 226 del caso *SJ2019CV11673* de SUMAC.

> *La Lcda. Meléndez indica que hubo otra vista virtual en la cual el demandante no compareció e indicó que no pudo porque no tenía acceso al sistema virtual y pensó que al ser la vista presencial iba a comparecer y no ha comparecido.*
>
> *Por otro lado, la Lcda. De Corral se une a los planteamientos de los abogados. Indica que el caso estuvo paralizado un tiempo por unas apelaciones que había presentado en otros cuatro casos por los mismos hechos que fueron consolidados. Esta fue la única reclamación que quedó viva. Posteriormente, volvió a presentar otras reclamaciones que en su momento fueron desestimadas y la sentencia es final y firme. En diciembre del 2022 se señaló por la Juez que presidía esta sala una vista para que la parte demandante compareciera y comparecieron todos los abogados, pero él no compareció a pesar de que se le apercibió. En ese momento se desestimó el caso y se reconsideró a petición de él y al día de hoy nuevamente la parte demandante no comparece a la vista señalada. Espera que se presente a la vista presencial del 28 de agosto para ver si pueden finiquitar el asunto.* […].[26]

Sin que el TPI resolviera ninguna de las dos mociones de reconsideración (del 19 y 23 de abril de 2024) sobre la Sentencia Parcial del 11 de abril de 2024,[27] que desestimó con perjuicio la causa de acción contra Liberty Mutual, el **6 de mayo de 2024** el señor Santiago Torres presentó la apelación —***KLAN202400447***— con el fin de recovar dicha Sentencia Parcial. El **10 de mayo de 2024** desestimamos el recurso por falta de jurisdicción ante su presentación prematura,[28] dado que el TPI no había atendido la controversia. La misma advino final y firme.[29]

El **10 de junio de 2024** el señor Santiago Torres presentó la apelación —***KLAN202400590***—, contra la orden de mostrar causa y el pago de arancel de la *Minuta-Resolución* del 3 de junio de 2024. No obstante, la **acogimos como *certiorari*** por tratarse de un

---

[26] Véase, *Minuta-Resolución* emitida y notificada el 3 de junio de 2024. Entrada Núm. 226 del caso *SJ2019CV11673* de SUMAC. Énfasis nuestro.

[27] Véase, Entrada Núm. 183 del caso *SJ2019CV11673* de SUMAC.

[28] Véase, *Sentencia* emitida por este Tribunal de Apelaciones el 10 de mayo de 2024. Además, véase, Entrada Núm. 210 del caso *SJ2019CV11673* de SUMAC.

[29] Cabe destacar que el **13 de septiembre de 2024** este Panel procedió a desestimar por tardío la apelación **KLAN202400812** presentada el 3 de septiembre de 2024 por el señor Santiago Torres que solicitaba la revocación de la *Sentencia Parcial* emitida el 11 de abril de 2024 y notificada el 12 de abril de 2024. En apretada síntesis, el Panel resolvió que las dos mociones de reconsideración no cumplieron con la especificidad exigida en la Regla 47 de Procedimiento Civil, por lo que no interrumpieron el término para acudir al Tribunal de Apelaciones. La misma advino final y firme.

asunto interlocutorio. Así, el **20 de junio de 2024 denegamos** expedir el auto solicitado.[30] La misma advino final y firme.

Ante el reiterado incumplimiento con las órdenes del TPI, el **19 de agosto de 2024** y **notificada el 20 de agosto de 2024**,[31] se dictó la Sentencia desestimatoria sin perjuicio. En lo pertinente, se determinó:

> *[A]nte el incumplimiento de la parte demandante con las órdenes dictadas por el Tribunal, apercibiéndole inclusive sobre el archivo de la presente causa de acción, **este Tribunal procede con el Archivo Sin Perjuicio del presente trámite, en clara señal de su falta de interés y atención a la reclamación, al amparo de la Regla 39.2(a) de las de Procedimiento Civil de 2009**.*[32]

Dos (2) días después, el **22 de agosto de 2024** y **notificada el 23 de agosto de 2024**,[33] el TPI dictó una Resolución denegando una moción del señor Santiago Torres en solicitud de abogado de oficio:

> *Atendido el escrito titulado **"Solicitud para la asignación de representación legal de oficio"** donde solicita que se le **"asigne un abogado por carecer de bienes y fortuna para sufragar el mismo"**, presentada por la parte demandante el 22 de agosto de 2024, el Tribunal establece lo siguiente:*
>
> *En Puerto Rico se ha establecido el derecho a representación legal en el ámbito penal. **En el ámbito civil, no se ha reconocido a los litigantes el derecho a asistencia de abogado**. Lizarríbar v. Martínez Gelpí, 121 D.P.R. 770 (1988). Ello dado que, en la esfera civil, por lo general, los intereses afectados no gozan de la misma jerarquía o no revisten de ordinario la misma importancia que en la esfera penal. Id. Más tarde, la jurisprudencia reiteró que no existe un derecho constitucional a tener representación legal durante un pleito civil. Meléndez v. Caribbean International, 151 D.P.R. 649 (2000).*
>
> *La naturaleza civil de este pleito no es una de las cuales se haya reconocido el derecho a la asignación de representación legal y no se enmarca en las instancias bajo las cuales se pueden establecer por directriz por la Oficina de los Tribunales de conformidad con el **Reglamento Para La Asignación De Abogados y Abogadas de Oficio de Puerto Rico**, según enmendado.*
>
> *De conformidad con lo antes expresado este Tribunal declara **No Ha Lugar** la moción presentada por el demandante.*
> *[…].*[34]

---

[30] Véase, *Resolución* emitida por este Tribunal de Apelaciones el 20 de junio de 2024.

[31] Apéndice 1 del Apelante, págs. 1–2. Entrada Núm. 244 del caso *SJ2019CV11673* de SUMAC.

[32] Véase, Entrada Núm. 244 del caso *SJ2019CV11673* de SUMAC.

[33] Véase, Entrada Núm. 247 del caso *SJ2019CV11673* de SUMAC.

[34] Énfasis original.

Ante la denegatoria de la referida moción para abogado de oficio, el **30 de agosto de 2024** el señor Santiago Torres presentó otro recurso de apelación —***KLAN202400813***—[35] el cual, acogimos como un recurso de ***certiorari***.

Entretanto, el **3 de septiembre de 2024** el señor Santiago Torres presentó ante el TPI: "*MOCI[Ó]N DE RECONSIDERACIÓN DE SENTENCIA DEL 19 DE AGOSTO DE 2024*".[36] En dicha moción alegó lo siguiente:

> *MOCION DE RECONSIDERACI[Ó[N DE SENTENCIA DEL 19 DE AGOSTO DEL 2024*
>
> *AL HONORABLE TRIBUNAL:*
>
> *Comparece la parte Demandante por derecho propio y siendo soltero, mayor de edad y vecino de la ciudad de Ponce, Puerto Rico y muy respetuosamente EXPONE ALEGA Y SOLICITA:*
> *1-Que dicha Sentencia es totalmente improcedente, VIOLA EL MANDATO, pues no podía celebrarse vista alguna el 3 de junio del 2024, por estar el caso en apelación ante el Supremo, el 8 de agosto del 2024 y el 9 de agosto expidió un mandato, véase Mandato del Supremo Caso AC-2024-0040, Apelación del caso KLAN202400430 apelado del Apelativo, por lo que no tenía jurisdicción este Tribunal (Apéndice 1).*
>
> *2-Que este Tribunal erra continuamente desobedeciendo el orden judicial en su empeñó de atacar al demandante.*
> POR TODO LO CUAL:
> MUY RESPETUOSAMENTE:
> Se informa al Tribunal, y se solicita reconsideración.
> […].[37]

El **4 de septiembre de 2024** y notificada ese mismo día, el TPI respondió a la antes dicha moción de reconsideración con un "ENTERADO". Así, el **9 de septiembre de 2024** el señor Santiago Torres presentó otro recurso de apelación —***KLAN202400834***—, de forma *pro se*.[38]

En atención al —***KLAN202400813***—,[39] el cual acogimos como un recurso de ***certiorari***, emitimos una Sentencia el **17 de septiembre de 2024**,[40] en la cual expedimos el auto y revocamos la

---

[35] Véase, Entrada Núm. 259 del caso *SJ2019CV11673* de SUMAC.
[36] Apéndice 2 del Apelante, pág. 3. Entrada Núm. 252 del caso *SJ2019CV11673* de SUMAC.
[37] Véase, Entrada Núm. 252 del caso *SJ2019CV11673* de SUMAC.
[38] Véase, Entrada Núm. 258 del caso *SJ2019CV11673* de SUMAC.
[39] Véase, Entrada Núm. 259 del caso *SJ2019CV11673* de SUMAC.
[40] Notificada 18 de septiembre de 2024.

Resolución emitida el 22 de agosto de 2024 que denegó la solicitud de abogado de oficio que hizo el señor Santiago Torres.[41] Así, este Tribunal ordenó que se reevaluará la solicitud para la asignación de representación profesional de oficio y se realizará una determinación para determinar si el señor Santiago Torres era o no indigente.

En cumplimiento con lo ordenado, el TPI celebró una Vista el **3 de octubre de 2024**, y emitió una *MINUTA – ORDEN* que notificó el **7 de octubre de 2024**. En lo pertinente, expresó:

> *A la* **VISTA***, celebrada de forma* **PRESENCIAL***, comparecen la Lcdo. Gloria M. De Corral Hernández, en representación de la parte demandada Yauco Healthcare Corporation; la Lcdo. Litza J. Meléndez Reyes, junto al Lcdo. Víctor Torres Luna en representación de la parte codemandada Hospital de Domas de Ponce.*
>
> *El Tribunal explica la naturaleza de la vista y hace un breve resumen del tracto procesal del caso, haciendo constar que,* ***se ha recibido una orden por parte del Tribunal de Apelaciones donde se debe realizar una vista evidenciaría para evaluar la solicitud de abogado de oficio de la parte demandante a través del cumplimiento de los requisitos necesarios para mostrar su indigencia****.*
>
> *A preguntas del Tribunal, el Alguacil informa que, la parte demandante, José D. Santiago Torres, no se encuentra presente en Sala ni se ha comunicado para excusarse.*
>
> *Hace referencia el Tribunal a Moción Solicitando Nuevo Señalamiento presentada por la parte demandante ya la Resolución emitida el 30 de septiembre de 2024, haciendo constar que la vista ha sido debidamente notificada según obra en el expediente.*
>
> *Luego de evaluar el expediente, el Tribunal expide Orden de Mostrar Causa a la parte demandante, el Sr. José D. Santiago Torres, para que exprese en el término de CINCO (5) DIAS, las razones de su incomparecencia a la vista del día de hoy. De no cumplir en el término, se entenderá a la parte demandante en incumplimiento con lo ordenando por el Tribunal de Apelaciones y se estará emitiendo una resolución denegando la solicitud en la petición. [...].*[42]

---

[41] Apéndice 6 del Apelante, págs. 22 – 32. Además, véase*, Sentencia* emitida en el recurso *KLAN202400813* por este Tribunal de Apelaciones el 17 de septiembre de 2024. Entrada Núm. 265 del caso *SJ2019CV11673* de SUMAC.

[42] Véase, Entrada Núm. 278 del caso SJ2019CV11673 de SUMAC. Inconforme con la *MINUTA – ORDEN* notificada el 7 de octubre de 2024, el señor Santiago Torres presentó el **18 de octubre de 2024** el recurso —*KLAN202400957*—. El **13 de noviembre de 2024** fue acogido como un auto de *certiorari* y se le asignó el número alfanumérico *KLCE202401240*. El **5 de febrero de 2025**, denegamos el referido auto. Véase, *Resolución* emitida en el recurso **KLCE202401240** por este Tribunal de Apelaciones el 5 de febrero de 2025. Además, véase*,* Entrada Núm. 318 del caso *SJ2019CV11673* de SUMAC.

Por otra parte, el TPI celebró una segunda vista evidenciaria el **5 de mayo de 2025** con el fin de evaluar el asunto de la representación del señor Santiago Torres.[42] Posterior a evaluar el testimonio bajo juramento del apelante y la documentación sometida, el TPI emitió una *Resolución* el **3 de junio de 2025** y **notificada el 5 de junio de 2025** en la cual declaró ***No Ha Lugar*** la moción de reconsideración presentada por el señor Santiago Torres para asignación de abogado de oficio. **Sin embargo, le concedió al apelante que se represente por derecho propio**. Véase, *Minuta* del 5 de mayo de 2025 en la Entrada Núm. 348

En atención al recurso de apelación —**KLAN202400834**—,[43] el **17 de octubre de 2024** procedimos a desestimarlo por haberse presentado de forma prematura, ya que al contestar con un "ENTERADO" a la moción de reconsideración, el TPI todavía no había resuelto dicha moción.[44]

Consecuentemente, el **15 de mayo de 2025** el TPI declaró **NO HA LUGAR** a la moción de reconsideración.[45] Inconforme, el **3 de junio de 2025** el señor Santiago Torres *(pro se)* presentó ante nos recurso de apelación —**KLAN202500505**— con el fin de revocar la Sentencia emitida el 19 de agosto de 2024 que desestimó sin perjuicio el caso de epígrafe bajo la Regla 39.2(a) de Procedimiento Civil. Dicho recurso resulta en extremo confuso, por lo que procedemos a citarlo sustancialmente:

> ***APELACION***
>
> *AL HONORABLE TRIBUNAL:*
>
> *Comparece el apelante José D. Santiago Torres por derecho propio siendo mayor de edad, divorciado, abogado retirado, vecino de Ponce; P.R. y muy respetuosamente EXPONE, ALEGA Y SOLICITA:*
>
> ***JURISDICCIÓN Y COMPETENCIA DEL TRIBUNAL***
>
> *El presente recurso se interpone a tenor con las disposiciones de la sección 4 del Articulo V de la Constitución del Estado Libre Asociado, de la ley de la Judicatura de 2003, Ley número 21 de 22 de gusto de 2003. Se invoca a su vez las disposiciones del Reglamento de este Ilustre Tribunal del 21 de julio de 2004 y cualquiera otra disposición y/o enmienda subsiguiente a la ley y/o Reglamento.*
>
> ***RESOLUCION INTERLOCUTORIA***
>
> *Se interesa la revisión de una Sentencia (Apéndice 1) del Tribunal Superior Sala de Ponce en el caso SJ2019CV11673 (605) emitida el 19 de agosto de 2024, que indica: Archivo sin perjuicio. Que dicha Sentencia indica que le suspendió la autorrepresentación 7 de abril del 2024, y además cito para 3 de junio el demandante debía comparecer con abogado.*
>
> *1-Que a dicha Sentencia se solicitó Reconsideración el 30 de agosto de 2024, (Apéndice 2), y se informó que el caso estaba en Apelación por los hechos del 7 de abril del 2024 (Apéndice 3) apelación radicada el 29 de abril del 2024, mientras sucedían los sucesos en la sala de la primera instancia, véase Resolución del Supremo del 19 de julio del 2024.- del caso AC-2024-0040 (Apéndice 4).*

---

del caso *SJ2019CV11673* de SUMAC. Además, véase, Entrada Núm. 355 del caso SJ2019CV11673 de SUMAC.

[43] Véase, Entrada Núm. 258 del caso *SJ2019CV11673* de SUMAC.

[44] Véase, *Sentencia* emitida en el recurso *KLAN202400834* por este Tribunal de Apelaciones el 17 de octubre de 2024. Además, véase, Entrada Núm. 281 del caso *SJ2019CV11673* de SUMAC.

[45] Notificada el 16 de mayo de 2025. Apéndice 9 del Apelante, págs. 37–38. Además, véase, Entrada Núm. 351 del caso *SJ2019CV11673* de SUMAC.

*2-Que ello impedía que el 7 de mayo este Tribunal le notificara a las partes comparecer el 3 de junio de 2024 para una vista con un representante legal, igualmente el 3 de junio constituirse para celebrar vista.*

*3- Que dicha Sentencia hace referencia a una decisión del Apelativo, KLAN202400430, que fue apelada al Supremo, AC-2024-0040 por lo cual se declaró en violación al Mandato.*

*4-Que esta resolución se toma luego de varias determinaciones del Apelativo, que ha ordenado la nominación de abogado de oficio, que ya se sometieron los documentos y cuando ya hay vistas señaladas. Caso KLAN202400813.*

*5-Que con fecha del 9 de septiembre del 2024 se apeló el caso KLAN202400834, sobre la misma Resolución, ante el Apelativo, sobre la misma Sentencia y como el Tribunal de Primera instancia uso la decisión de ENTERADO, el tribunal resolvió que la Apelación era prematura y desestimo la Apelación. (Apéndice 5).*

*6-Que esta decisión se toma luego que el Tribunal Apelativo ordenara nombrarle abogado de oficio al Demandante Sentencia del 17 de septiembre de 2024. (Apéndice 6).*

*7-Que hoy en día el Tribunal no ha cumplido con la orden del Apelativo y sigue celebrando vistas sobre la nominación y no resuelve y ahora pospone hasta el 21 de agosto del 2025, (Apéndice 7).*

*8-Que se solicita se ordene al Tribunal de Primera instancia, que reintegre la auto representación al Demandante por no haber cumplido con las órdenes del Apelativo con diligencia y prontitud.*

*9-Que esta decisión se toma, tan tarde que no se ajusta a la situación real actual por lo siguiente:*

*A-El Demandante sometió dos solicitudes de Sentencia Sumaria, y la Demandada Hospital de Damas sometió documento denominado "MOCI[Ó]N SOLICITANDO QUE SE DIFIERA CONSIDERACION DE MOCI[Ó]N DE SENTENCIA SUMARIA" y en el inciso 3 sugiere la celebración de una vista para examinar si es posible una solución a este asunto", pero la Juez la ignora, (Apéndice 8).*

*B-El Demandante aceptó y sometió documentos transaccionales y ante ello ninguna decisión de la Juez, solo indica hasta que llegue a una determinación de abogado, no decide nada excepto esta Resolución tardía por muchos meses.*

*C-Que en Sala la Juez le tomó juramento sobre las finanzas del Demandante con el resultado ninguno.*

*D-Que el 15 de mayo del 2025, la declara NO HA LUGAR la Reconsideraci[ó]n, (Ap[é]ndice 9).*

***II. TRASFONDO PROCESAL RELEVANTE (de la Sentencia) ABUSO DEL PODER JUR[Í]DICO***

***RELACI[Ó]N FIEL Y CONCISA DE LOS HECHOS IMPORTANTES Y PERTINENTES DEL CASO***

*A. Que al demandante se le aplicó una ley 408, conduciéndolo primero por días a un hospital no psiquiátrico, (Damas) ni con un psiquiatra y varios días después a otro psiquiátrico, todo habiendo vencido la orden de 24 horas, y estando en ese proceso fue inyectado involuntariamente y sedado y abusado sufriendo laceraciones, y de ahí transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la Orden 408.*

***SE[Ñ]ALAMIENTO DE ERRORES***

***PRIMER ERROR***

*El Tribunal falta a la Constitución y al debido proceso de ley, negándose a atender las mociones de reconsideración y PRIVAN DOLO DE SU DERECHO CONSTITUCIONAL A LA AUTO REPRESENTACI[Ó]N, SIN CAUSA ALGUNA.*

***DISCUSI[Ó]N DE LOS ERRORES PLANTEADOS***
***PRIMER ERROR***

*El Tribunal, NO EJERCE SUS DEBERES CONSTITUCIONALES ha ignorado las determinaciones del Apelativo.*

***JURISPRUDENCIA***

***NINGUNA***

***SUPLICA***

> ***POR TODO LO CUAL,*** *se suplica de esta ilustrada Sala, revoque a la Sala de Ponce en todo lo aquí planteado, y le indiqué reintegrarle la auto representación por no haber actuado por demasiado tiempo. Y que le ordene atender las mociones de sentencia sumaria, y autorice a las partes a sentarse y negociar, donde les convenga y soliciten y decida todo lo planteado que no necesita de un abogado sino de derecho.*

> ***Respetuosamente sometida.*** *[sic].*

### -II-

### -A-

Es norma reiterada en nuestro ordenamiento que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[46] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[47] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[48]

Es por esa razón que la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas. En lo pertinente, la Regla 83 (B)(1),(C) dispone:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> *[…]*
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[49]

---

[46] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[47] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[48] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[49] 4 LPRA Ap. XXII-B, R. 83.

Nuestro Alto Foro Judicial ha indicado: *"[H]emos señalado, y hoy reiteramos, que las disposiciones reglamentarias sobre los recursos que se presentarán ante el Tribunal de Apelaciones se deben observar **rigurosamente"**.*[50] En fin, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[51]

Un **recurso tardío**, al igual que uno **prematuro**, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, **por lo que debe ser desestimado**.[52] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[53]

**-B-**

A tono con lo antes expresado, el Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente.[54] En el caso particular del recurso de Apelación, la Regla 52.2 (a) de Procedimiento Civil establece que:

> *(a) **Recursos de apelación**. Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.*[55]

No obstante, el mencionado término admite interrupción. A esos efectos, la Regla 47 inciso (e) de Procedimiento Civil dispone

---

[50] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) citando *Arriaga v. FSE* 145 DPR 122, 129–130 (1998).*Véase, además, Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Énfasis nuestro.

[51] *Íd.* Énfasis nuestro.

[52] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.

[53] *Íd.*

[54] *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).

[55] Regla 52.2(a) de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 52.2(a). Énfasis nuestro.

que el término para apelar se interrumpirá por la presentación oportuna de una moción de reconsideración sujeto a lo dispuesto en la referida Regla 47.[56]

Dicha Regla 47 de Procedimiento Civil,[57] provee un mecanismo para permitir que los tribunales modifiquen o corrijan aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones y sentencias.[58] En lo pertinente, dispone que:

> *[L]a parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*
> ***La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.***
> ***La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.***
> *Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.*
> *La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.*[59]

La mera presentación oportuna de una solicitud de reconsideración que cumpla con **todos** los requisitos dispuestos en la Regla en discusión, tiene el efecto de paralizar automáticamente los términos concedidos por ley para recurrir en alzada hasta tanto el TPI resuelva la solicitud.[60] En cambio, el efecto interruptor **no operará** si la moción de reconsideración no cumple con las especificidades dispuestas en la aludida Regla 47.[61]

---

[56] 32 LPRA Ap. V, R. 52.2 (e).
[57] Regla 47 de las Reglas de Procedimiento Civil 2009. 32 LPRA Ap. V, R. 47.
[58] *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 166 (2016).
[59] 32 LPRA Ap. V, R. 47. Énfasis nuestro.
[60] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 167; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7-8 (2014).
[61] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 168. Énfasis nuestro.

**-III-**

Conforme al intrincado tracto procesal reseñado y la normativa antes expuesta, concluimos que carecemos de jurisdicción para atender el recurso de apelación de epígrafe por tardío. Veamos.

En este escueto y confuso recurso de apelación, intimamos que el señor Santiago Torres solicita la revisión de la *Sentencia* emitida el **19 de agosto de 2024** y notificada el **20 de agosto de 2024**. Allí, el TPI desestimó sin perjuicio el caso de epígrafe bajo la Regla 39.2 inciso (a) de Procedimiento Civil,[62] ante los constantes incumplimientos del apelante con las órdenes del tribunal.

Inconforme, el **3 de septiembre de 2024** el señor Santiago Torres presentó ante el TPI: "*MOCI[Ó]N DE RECONSIDERACIÓN DE SENTENCIA DEL 19 DE AGOSTO DE 2024"*.[63] En dicha moción adujo lo siguiente:

> *MOCION DE RECONSIDERACI[Ó]N DE SENTENCIA DEL 19 DE AGOSTO DEL 2024*
> *AL HONORABLE TRIBUNAL:*
> *Comparece la parte Demandante por derecho propio y siendo soltero, mayor de edad y vecino de la ciudad de Ponce, Puerto Rico y muy respetuosamente EXPONE ALEGA Y SOLICITA:*
> *1-Que dicha Sentencia es totalmente improcedente, VIOLA EL MANDATO, pues no podía celebrarse vista alguna el 3 de junio del 2024, por estar el caso en apelación ante el Supremo, el 8 de agosto del 2024 y el 9 de agosto expidió un mandato, véase Mandato del Supremo Caso AC-2024-0040, Apelación del caso KLAN202400430 apelado del Apelativo, por lo que no tenía jurisdicción este Tribunal (Apéndice 1).*
> *2-Que este Tribunal erra continuamente desobedeciendo el orden judicial en su empeñó de atacar al demandante.* POR TODO LO CUAL:
> MUY RESPETUOSAMENTE:
> Se informa al Tribunal, y se solicita reconsideración.
> [...].[64]

Cabe señalar que la transcrita moción de reconsideración no cumple con la norma establecida en la citada Regla 47 de Procedimiento Civil, *supra*. Es decir, las alegaciones no exponen

---

[62] 32 LPRA Ap. V, R. 39.2 (a).
[63] Apéndice 2 del Apelante, pág. 3. Entrada Núm. 252 del caso *SJ2019CV11673* de SUMAC.
[64] Entrada Núm. 252 del caso *SJ2019CV11673* de SUMAC.

*"con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales".* Razón por la cual, el 15 de mayo de 2025, el TPI declaró **NO HA LUGAR** dicha moción de reconsideración.

Por lo tanto, cuando el señor Santiago Torres presentó el **3 de junio de 2025** el recurso de apelación ante nos, ya había transcurrido el término jurisdiccional de 30 días para apelar la *Sentencia* notificada el **20 de agosto de 2024**, dado que su moción no tuvo el efecto de paralizar dicho término jurisdiccional.

En consecuencia, procede desestimar por falta de jurisdicción el recurso de apelación por tardío.

-IV-

Por los fundamentos antes expuestos, se **desestima** el presente recurso por falta de jurisdicción.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones